FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 26, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| UNITED STATES OF AMERICA, | No. 2:23-cr-00099-MKD |
|---|---|
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION TO WITHDRAW PLEA AND STRIKING RELATED PRELIMINARY ORDER OF FORFEITURE |
| v. | |
| JOSHUA LUCAS KAY L. SCHMIDT | |
| Defendant. | **ECF No. 67** |

On September 25, 2024, the Court held a hearing on Defendant's Motion to Continue Sentencing and Extend Deadlines, Withdraw the Previously Entered Plea Agreement, and Set a New Change of Plea, ECF No. 67. *See* ECF No. 71. Defendant appeared in custody and was represented by AFD Nicolas Vieth. AUSA Alison Gregoire represented the United States.

On April 3, 2024, Defendant pleaded guilty to the offense of felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8), as charged in Count 1 of the Superseding Indictment. ECF No. 62. The Court entered a related Preliminary Order of Forfeiture on April 8, 2024. ECF No. 63.

ORDER – 1

In the months since Defendant's guilty plea, a Ninth Circuit panel found Section 922(g)(1) unconstitutional as applied, then the Ninth Circuit vacated the panel opinion pending rehearing en banc.  *See United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024), *vacated*, 108 F.4th 786 (9th Cir. 2024).  The en banc proceedings continue, with oral argument projected for December 2024.  *See* Order at 1, No. 22-50048 (9th Cir. Aug. 7, 2024), ECF No. 89.

Defendant seeks to withdraw his guilty plea to the Section 922(g)(1) offense so that he may instead enter a guilty plea to a different offense, pursuant to a Plea Agreement.  ECF No. 67 at 4; *see also* ECF No. 72.  Defendant and the United States agree to this disposition to avoid delaying sentencing while awaiting an en banc decision in *Duarte*.  ECF No. 67 at 4; ECF No. 69 at 3.  Defendant explains that he wishes to avoid delaying his sentencing because his medical conditions require specialized medical care that is available through the Bureau of Prisons but not through the local jails.  ECF No. 67 at 4.

Pursuant to Fed. R. Crim. P. 11(d)(2), a defendant may withdraw a guilty plea "after the court accepts the plea, but before it imposes sentence" upon the defendant's showing of "a fair and just reason for requesting the withdrawal."  The Court finds that Defendant has shown a fair and just reason to withdraw his April 3, 2024, guilty plea.

ORDER – 2

Accordingly, **IT IS HEREBY ORDERED:**

**1.** Defendant's Motion to Continue Sentencing and Extend Deadlines, Withdraw the Previously Entered Plea Agreement, and Set a New Change of Plea, **ECF No. 67,** is **GRANTED.**

    a. Defendant is permitted to withdraw from the April 3, 2024, Plea Agreement, ECF No. 60.

**2.** The April 8, 2024, Preliminary Order of Forfeiture, **ECF No. 63**, is **STRICKEN**.

**3.** The sentencing hearing and all related deadlines **REMAIN SET** on the dates specified by the previous Order, ECF No. 68.

**4.** Pursuant to 18 U.S.C.§ 3161(i), a defendant who enters a guilty plea that is subsequently withdrawn shall be deemed indicted for Speedy Trial purposes on the day the plea is withdrawn. *United States v. Solorzano-Rivera*, 368 F.3d 1073, 1077 (9th Cir. 2004).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to counsel and the United States Probation Office.

**DATED** September 26, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE